JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kelly J. Keener

**DEFENDANTS**
Consolidated Scrap Resources, Inc.

**(b)** County of Residence of First Listed Plaintiff: York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Amanda Snoke Dubbs, Esq.
294 Dew Drop Road
York, PA 17402  Telephone: (717)430-6730

Attorneys *(If Known)*
Schaun Henry, Esq.
McNees Wallace & Nurick, LLC
100 Pine Street, Harrisburg, PA 17108

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A 12101 et seq.
Brief description of cause:
Americans with Disabilities Act in Employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY J. KEENER,** | : | **Civil Action No.** |
| **Plaintiff** | : | |
| v. | : | |
| | : | |
| **CONSOLIDATED SCRAP** | : | |
| **RESOURCES, INC.** | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## COMPLAINT

1. Plaintiff, Kelly J. Keener, is a citizen of the United States presently residing in Dover, Pennsylvania.

2. Defendant, Consolidated Scrap Resources, Inc., is believed to be a corporation registered with the Commonwealth of Pennsylvania with its principal place of business located in York, Pennsylvania.

3. Plaintiff was at all relevant times an employee of the Defendant and at all relevant times worked for the Defendant in the Commonwealth of Pennsylvania under its authority and control.

4. At all times relevant to the matters alleged in this complaint, Defendant has been engaged in the business of purchasing and recycling of the metal within the Pennsylvania; Defendant has been engaged in an industry affecting commerce; and Defendant had twenty or more employees for each working

day in each of twenty or more calendar weeks in the current or preceding calendar year.

5. This action seeking redress for discrimination in violation of the American with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101 et seq.

6. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343 (a)(3) and (4), 42 U.S.C. §12201 et seq., 29 U.S.C. §1132; and 28 U.S.C. §1331. Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

7. Venue is proper because the acts of discrimination giving rise to the Plaintiff's claim occurred in this judicial district and Defendant maintains a place of business in this judicial district.

8. Plaintiff has fulfilled all conditions precedent to the institution of this action under ADA. She timely filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission, U.S. Department of Justice and has received a Right to Sue letter, attached as Exhibit A.

9. Plaintiff began her employment with Defendant on May 2007, as a Cashier.

10. On or about October 2011, Plaintiff was promoted to the position of Account Representative.

11. Beginning in 2011, Plaintiff verbally notified Defendant of her disabilities, Depression and Anxiety.

12. In or around March 2016, Todd Zuckerman became Plaintiff's supervisor.

13. In or around April 2016, Mr. Zuckerman wrote Plaintiff up for alleged performance issues which occurred prior to Mr. Zuckerman becoming her supervisor and Defendant advised Plaintiff that her performance would be reviewed in ninety (90) days.

14. In or around July 2016, Plaintiff's performance was reviewed and Defendant advised her that everything was okay but her performance would be re-reviewed on or about November 2016.

15. On or about September 20, 2016, Plaintiff again notified Human Resource Manager Carol Strayer, Senior Vice President Marty Fogle, and Supervisor Todd Zuckerman of her disabilities.

16. Plaintiff notified Defendant's agents about Plaintiff's disability which substantially limits Plaintiff's ability to see, hear, talk, care for herself, think, and concentrate.

17. At this time, Plaintiff requested the reasonable accommodation of closing her door when she worked in the office and pulling off to the side of the road when performing job duties on the road when her disabilities begin to manifest.

18. Plaintiff can perform the essential functions of my job with the reasonable accommodations requested.

19. Subsequently after being notified of Plaintiff's disability, Defendant began to treat her, differently than similarly situated non-disabled employees.

20. The Defendant failed to provide Plaintiff with any reasonable accommodations related to the Plaintiff's disability.

21. Plaintiff's differential treatment included, but is not limited to the following adverse employment actions:

   a. Refusing Plaintiff reasonable accommodations for her disability;

   b. Demoting Plaintiff;

   c. Assigning Plaintiff jobs that Defendant knew she would be unable to perform for the purpose of setting Plaintiff up for termination or to cause her to voluntarily quit her position;

   d. Excessively monitoring Plaintiff's actions and work performance and engaging in a generally hostile manner towards her;

   e. Eventually terminating Plaintiff's employment.

22. Plaintiff could have easily performed her job to the expectations of her employer with a reasonable accommodation. Instead, Defendant refused to provide Plaintiff with a reasonable accommodation for her condition.

## Count I

23. Plaintiff incorporates herein by reference as if specifically pleaded the allegations contained in Paragraphs 1-22.

24. Title I of the ADA requires employers with 15 or more employees to provide qualified individuals with disabilities an equal opportunity to benefit from the full range of employment-related opportunities available to others.

25. At all times relevant, Plaintiff was disabled as defined by the ADA, due to her impairments that significantly restricts her major life activities.

26. At all times relevant, Plaintiff could perform her essential job functions with reasonable accommodations from her employer.

27. Instead of accommodating Plaintiff's conditions, Defendants subjected Plaintiff to differential treatment and adverse actions as outlined above during her employment in violation of the ADA.

28. Non-disabled employees were not subjected to the same treatment, forced demotion, subjected to constructive discharge, or termination.

29. Defendant retained similarly situated non-disabled employees who had no higher skill level or experience than Plaintiff.

30. Defendant's wrongful acts, individually and/or by and through its agents, were intentional, willful and wanton, malicious, oppressive, and in total

disregard and reckless indifference to Plaintiff's rights under the ADA, and justify the awarding of exemplary, liquidated and/or punitive damages.

31. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, loss of benefits past and future, and other incidentals and benefits of employment; severe emotional distress; humiliation, embarrassment; damage to reputation, attorney's fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the ADA and award Plaintiff reinstatement, damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**Count II**

32. Plaintiff incorporates herein by reference as if specifically pleaded the allegations contained in Paragraphs 1-31.

33. Plaintiff has a protected right as a qualified individual with a disability for an equal opportunity to benefit from the full range of employment-related opportunities available to others.

34. The ADA requires employers to engage in an interactive process with individuals with disabilities to evaluate how their condition may be accommodated.

35. The ADA also requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities unless it results in undue hardship.

36. Defendant would not have suffered any undue hardship in providing the reasonable accommodation requested by Plaintiff for her disability.

37. Plaintiff attempted to exercise her rights under the ADA through requests for reasonable accommodations.

38. Defendant failed to engage in the interactive process with Plaintiff to determine how it could accommodate Plaintiff's condition, and refused to grant Plaintiff reasonable accommodations for her disability on more than one occasion, in violation of the ADA, and instead denied her requests without justifiable cause.

39. The above-mentioned acts of Defendant, individually and through its agents, were willful, wanton, malicious, oppressive, and justify awarding of exemplary and punitive damages.

40. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits, past and future, and other incidental and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, exacerbation of her medical condition; damage to reputation, attorney's fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the ADA and award Plaintiff reinstatement, damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## Count III

41. Plaintiff incorporates herein by reference as if specifically pleaded the allegations contained in Paragraphs 1-40.

42. On or about March 3, 2017, Plaintiff filed a complaint against Defendant with the Pennsylvania Human Relations Commissions ("PHRC") alleging that the Defendant discriminated against her because of her disability by forcing her resignation and not providing Plaintiff with a reasonable accommodation.

43. The acts of Defendant as alleged herein violate the Pennsylvania Human Relations Act, §5(a), 43 P.S.§955(5)(a).

44. As a result of the acts of Defendant as alleged herein, in addition to the injuries described above, Plaintiff suffered embarrassment, humiliation, emotional distress and mental anguish, for which Plaintiff seeks damages from Defendant.

45. Plaintiff prays that Defendant be required to provide all appropriate remedies under §9 of the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under the PHRA and award Plaintiff reinstatement, damages for loss of wages, past and future, loss of future earnings,

loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

### Count IV

46. Plaintiff incorporates herein by reference as if specifically pleaded the allegations contained in Paragraphs 1-45.

47. On or about February 2017, Defendant demoted Plaintiff to a Cashier position.

48. From on or about February 2017 through March 3, 2017, Supervisor Zuckerman discriminated against me with respect to the term and conditions of my employment.

49. Supervisor Zuckerman constantly called Plaintiff, subjected her work to greater scrutiny, ignored Plaintiff when she spoke, disrespected Plaintiff in front of coworkers, and increased Plaintiff's workload.

50. Defendant did not provide a reason for these actions.

51. Account Representatives, Rachel Brillhart and Matt Henry, who were non-disabled were not subjected to constant telephone calls, greater work

scrutiny, ignored when they spoke, disrespected in front of other coworkers, or had their workload increased.

52. As a result of the acts of Defendant as alleged herein, in addition to the injuries described above, Plaintiff suffered embarrassment, humiliation, emotional distress and mental anguish, for which Plaintiff seeks damages from Defendant.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under ADA, PHRA and award Plaintiff reinstatement, damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## Count V

53. Plaintiff incorporates herein by reference as if specifically pleaded the allegations contained in Paragraphs 1-52.

54. On or about February 1, 2017, Defendant requested that Plaintiff move from the Account Representative position into the Cashier position in order to help Defendant with a staffing issue related to a co-worker's disability.

55. On or about February 13, 2017, Respondent demoted Plaintiff by placing Plaintiff permanently into the Cashier position.

56. While in the Cashier position, Plaintiff was an hourly employee that required Plaintiff to work an additional ten (10) hours per week overtime to receive the same amount of compensation that Plaintiff had received in her salaried Account Representative position.

57. Defendant gave no reason for demoting the Plaintiff from the Account Representative to Cashier.

58. Account Representatives, Rachel Brillhart and Matt Henry, who had no known disabilities were not moved in order to help with staffing or demoted without reason.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under ADA, PHRA and award Plaintiff reinstatement, damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to

reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

### Count VI

59. Plaintiff incorporates herein by reference as if specifically pleaded the allegations contained in Paragraphs 1-58.

60. On or about March 3, 2017, Defendant terminated Plaintiff.

61. Defendant did not provide a reason for Plaintiff's termination.

62. Account Representative, Rachel Brillhart, with no known disabilities, had performance issues but Defendant did not discharge her.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under ADA, PHRA and award Plaintiff reinstatement, damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## Count VII

63. Plaintiff incorporates herein by reference as if specifically pleaded the allegations contained in Paragraphs 1-62.

64. In or around February 2017, Plaintiff requested the reasonable accommodation of being able to close her office door during work until her anxiety subsided after being subjected to her supervisor's (Mr. Zuckerman) behavior towards her and his subsequent actions.

65. Defendant terminated Plaintiff on March 3, 2017.

66. Defendant provided Plaintiff with no reason for her termination.

67. Defendant's actions were retaliatory because Defendant terminated Plaintiff less than one (1) month after my request for accommodation.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount that will fully compensate her for her injuries and damages for Defendant's violation of Plaintiff's rights under ADA, PHRA and award Plaintiff reinstatement, damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorney's fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

                                          Respectfully submitted,

Date: 7/18/18            By: *Amanda Snoke Dubbs* (signature)
                                          Amanda Snoke Dubbs, Esq.
                                          PA Id: 202254
                                          294 Dew Drop Road
                                          York, PA 17402
                                          Telephone: (717)430-6730
                                          Email: mandasnokedubbs@comcast.net

## Verification

I, Kelly J. Keener, declare as follows:

1. I have personal knowledge of the facts set forth in the foregoing complaint, and if called upon to testify I would competently testify as to the matters stated herein.

2. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct.

Executed on 7/18/18

_Kelly Keener_
Kelly J. Keener

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

To: Kelly Keener
2530 Danielle Drive
Dover, PA 17315

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2018-60195 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

June 5, 2018

Enclosures(s)

Jamie R. Williamson,
District Director

*(Date Mailed)*

cc: CONSOLIDATED SCRAP RESOURCES, INC.

Amanda Snoke Dubbs, Esq.
294 Dew Drop Rd
York, PA 17402

Schaun Henr, Esq.
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17108

**EXHIBIT A**